UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JETONE JONES,

Plaintiff,

-v-

ALAN J. WILLIAMS *et al.*,

Defendants.

---

**1:16-cv-1047-MAT**
**DECISION AND ORDER**

**INTRODUCTION**

On April 18, 2018, the Court dismissed Plaintiff Jetone Jones' *pro se* Amended Complaint seeking relief under 42 U.S.C. § 1983 ("§ 1983") after screening it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court found that Defendants Alan J. Williams, an attorney at The Legal Aid Bureau of Buffalo, Inc. assigned to represent Plaintiff on direct appeal; and David O. Schopp, Executive Attorney for The Legal Aid Bureau of Buffalo, Inc., could not be held liable under 42 U.S.C. § 1983 as they were not acting "under color of state law." The Court also found that the doctrine of absolute judicial immunity extended to Defendants Frances E. Cafarell, Clerk of the Court, Appellate Division, Fourth Department; as well as Lawrence X. Dalton, and Amy M. Bogardus, both of whom are attorneys at the Appellate Division, Fourth Department. Finally, the Court determined that none of Plaintiff's allegations were sufficient

to allege a plausible claim for relief against any of the Defendants.

On April 26, 2018, Plaintiff filed a Motion to Vacate And/Or Request Reconsideration Pursuant to Fed. R. Civ. P. 60(b). (Docket No. 16). For the reasons discussed below, the motion is denied.

## DISCUSSION

### I. Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59. "The standard applicable to a motion for reargument or reconsideration is identical to a motion to amend a judgment under FRCP 59(e)." *In re Papadopoulos*, No. 12-13125 (JLG), 2015 WL 1216541, at *2 (Bankr. S.D.N.Y. Mar. 13, 2015) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir.1982) ("[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under FRCP 59(e), however it may be formally styled.'") (quoting *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978)); citations omitted). The instant motion seeking "reconsideration and/or reargument" was filed well within the 28-day period set forth in FRCP 59(e). Therefore, the Court will treated as a motion filed under FRCP 59(e). *See id.*

FRCP 59(e) allows a court to revisit a prior decision "based upon (1) an intervening change in the controlling law, (2) the availability of new evidence, (3) to correct manifest errors of law or fact upon which the judgment is based, or (4) to prevent manifest injustice." *In re Enron Creditors Recovery Corp.*, 378 B.R. 54, 56–57 (Bankr. S.D.N.Y. 2007) (citing *Cray v. Nationwide Mut. Ins. Co.*, 192 F. Supp.2d 37, 39 (W.D.N.Y. 2001); *Atlantic States Legal Foundation, Inc. v. Karg Bros. Inc.,* 841 F. Supp. 51, 53 (S.D.N.Y. 1993)). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.,* 70 F.3d 255, 256 (2d Cir. 1995) (citing *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

**II. Plaintiff's Arguments**

Plaintiff has not identified an intervening change in the controlling law or the availability of new evidence. Rather, construing his arguments leniently, he appears to assert that reconsideration is needed to correct manifest errors of law or fact upon which the Court's prior decision was based and to prevent manifest injustice. However, as discussed further below,

none of Plaintiff's arguments provide a basis on which reconsideration may be granted.

First, Plaintiff alleges that "[t]he Defendants are not immune from suit under § 1983, where these officials were personally involved" insofar as they "knew about the wrongs, but did not try to stop or fix it, and/or failed to act. . . ." (Docket No. 16, p. 1 of 4). Plaintiff appears to be suggesting that if he plausibly alleges personal involvement by a defendant who is immune from suit, that is sufficient to overcome the various bars to suit found to exist by this Court. Plaintiff is incorrect.

With regard to attorneys Schopp and Williams, none of Plaintiff's allegations plausibly allege that either individual was acting under color of state law, a requisite element of a § 1983 claim. *See Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted). Plaintiff alleges that Williams "was in joint activity with the State and/or it's [sic] agents when he agreed to [an] order [in his state court proceeding dated April 3, 2013] and/or false document that was used to affirm [his] case on 12-27-13." This vague and confusing allegation does not plausibly suggest

that any constitutional violation occurred, let alone that Williams or Schopp acted in concert with any state actor to deprive Plaintiff of his constitutional rights. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.").

With regard to the employees of the Appellate Division, Fourth Department, Plaintiff cannot overcome the finding that judicial immunity extends to shield them from suit. In *Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997), which the Court cited in its previous order, the Second Circuit explained that "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Id.* at 66-67 (citations omitted). "[I]mmunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'" *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (quotation and citation omitted; second alteration in original). The alleged acts performed by Cafarell, as Clerk of Court, and court attorneys Bogardus and Dalton, were "basic and integral part[s]

of the judicial function," and there is no plausible allegation that they were "done 'in the clear absence of all jurisdiction.'" Id. Therefore, the Court adheres to its original ruling that Appellate Division employees Cafarell, Dalton, and Bogardus are entitled to judicial immunity. Moreover, as discussed in the Court's previous order, none of the actions taken by these Defendants was in violation of Plaintiff's constitutional rights. Requiring Plaintiff to proceed on notice to the adverse party, and requiring him to raise issues such as the denial of grand jury minutes in a formal brief rather than letters to the court, were not in any way improper.

Plaintiff next contends that the Court "miscontru[ed]" his Amended Complaint because his allegations "do NOT center around an attempt to obtain a copy of the Grand-Jury minutes, but the Plaintiff sought to obtain a certified copy of the transcripts of APRIL 3, 2013." (Docket No. 16, p. 1 of 4(capitals in original)). This is immaterial, in light of the Court's rulings on immunity. Moreover, the correspondence from Williams, his appellate attorney, which Plaintiff attached to his Amended Complaint, makes clear that there are no transcripts related to a state court proceeding dated April 3, 2013. In connection with Plaintiff's appellate proceedings, Williams made a motion to unseal the transcript of the grand-jury proceedings. Williams explained to Plaintiff that, notwithstanding his protestations to

the contrary, a defendant does not have a right to a hearing on a motion for inspection of the grand-jury minutes and dismissal of the indictment. In particular, Williams cited New York Criminal Procedure Law ("CPL") § 210.45(3), which provides that when a defendant moves to dismiss an indictment, the court must "determin[ e] whether the motion is determinable without a hearing to resolve questions of fact." *Id.* As Williams explained, "[t]his means that the court is not required to hold a hearing" on the motion to unseal the transcript of the grand-jury proceedings.

On February 8, 2013, the Appellate Division, Fourth Department, of New York State Supreme Court ("Fourth Department") reserved decision on Plaintiff's appeal, and remitted the matter to New York State Supreme Court, Erie County for further proceedings. *People v. Jones,* 962 N.Y.S.2d 524, 526 (4th Dep't 2013). In particular, the Fourth Department agreed with Plaintiff that the trial court "erred in failing to rule on those parts of his pretrial motion seeking inspection of the grand jury minutes and seeking dismissal of the indictment on the ground that the integrity of the grand jury proceedings was impaired." *Id.* (citation omitted). The trial court's "failure to rule on a motion cannot be deemed a denial thereof[.]" *Id.* (citations omitted). Therefore, the Fourth Department held, remittal to the

trial court to "decide those parts of the motion" was required. *Id.*

On March 25, 2013, Plaintiff's appellate counsel, Williams, and assistant district attorney Michael Hillery appeared before Erie County Supreme Court Acting Justice M. William Boller for oral argument on the motions which the Fourth Department had remitted to the trial court. (Docket No. 11, pp. 38-41 of 106). In a decision and order entered the same day, Acting Justice Boller found that the evidence submitted and instructions given to the grand jury were legally sufficient to establish the' crimes charged, and that such evidence, if unexplained or uncontradicted, would warrant a conviction after trial. Accordingly, "the motion for dismissal of the indictment because of insufficiency in the Grand Jury presentation and/or for disclosure of the Grand Jury Minutes [was] DENIED." (Docket No. 11, p. 42 of 106 (capitals in original)).

In a decision and order dated April 3, 2013, Acting Justice Boller ruled on Plaintiff's "motion to dismiss the indictment on the grounds that the integrity of the grand jury proceedings was impaired." (Docket No. 11, p. 45 of 106). Acting Justice Boller noted that "[a]fter review of the grand jury minutes, both parties' submissions, and *oral argument* thereon, it is the decision of this court that the integrity of the grand jury proceedings was not impaired." (*Id.*, p. 45 of 106 (emphasis

supplied)). This is the source of Plaintiff's belief that there are missing transcripts relative to the April 3, 2013 order.

However, it is apparent that Plaintiff is mistaken. The only transcript that relates to Acting Justice Boller's April 3, 2013 order was the transcript from March 25, 2013, of which Plaintiff has a copy. On that date, the parties presented argument with regard to the matters on which the Fourth Department had ordered remittal, i.e., the trial court's failure to rule "on those parts of his pretrial motion seeking inspection of the grand jury minutes *and* seeking dismissal of the indictment on the ground that the integrity of the grand jury proceedings was impaired." *People v. Jones,* 962 N.Y.S.2d at 526 (emphasis supplied). Acting Justice Boller first ruled on the branch of the motion seeking inspection of the grand jury minutes; this was the March 25, 2013 order. Then, Acting Justice Boller ruled separately on the branch of the motion alleging that the grand jury proceedings were defective; this was the April 3, 2013 order. While there were two orders issued by Acting Justice Boller in connection with the Fourth Department's remittal, there was only one court hearing, held on March 25, 2013, and therefore only one transcript.

"[A]bsent an underlying constitutional violation on which to base a § 1983 conspiracy claim, a plaintiff's conspiracy claim fails as a matter of law." AK Tournament Play, Inc. v. Town of Wallkill, No. 09 Civ. 10579, 2011 WL 197216, at *3 (S.D.N.Y.

Jan. 19, 2011), *aff'd*, 444 F. App'x 475 (2d Cir. 2011); *accord Poux v. Cty. of Suffolk,* No. 09 CV 3081 SJF WDW, 2012 WL 1020302, at *30 (E.D.N.Y. Mar. 23, 2012) ("Since plaintiffs have not established a claim for malicious prosecution, or any other constitutional violation, they cannot maintain a Section 1983 conspiracy claim as a matter of law.") (citing *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *Larocco v. Jackson*, No. 10-cv-1651, 2012 WL 760396, at *3 (E.D.N.Y. Mar. 8, 2012)). Critically, the underlying constitutional violation here—the alleged deprivation of a transcript—is based on nothing more than conjecture and surmise that this transcript even exists. Indeed, the documents appended to Plaintiff's Amended Complaint do not bear out his pyramiding of inferences. Absent a plausible underlying constitutional violation, Plaintiff's claim that all Defendants engaged in a vast conspiracy to deprive him of access to a transcript is not facially plausible and must be dismissed.

**ORDER**

IT HEREBY IS ORDERED, that the Motion to Vacate And/Or Request Reconsideration Pursuant to Fed. R. Civ. P. 60(b) (Docket No. 16) is denied; and

FURTHER, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438

(1962). Any future requests by Plaintiff to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/Michael A. Telesca

______________________________
HON. MICHAEL A. TELESCA
United States District Judge

DATED: July 5, 2018
Rochester, New York